UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY LORD DOTSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID PROFFITT, DR.,<br><br>    Defendant. | Civil No. 11-2734 (SRN/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is a patient at the Minnesota Security Hospital ("MSH") in St. Peter, Minnesota. He is attempting to sue an individual Defendant identified as David Proffitt. Plaintiff's complaint does not explain who Defendant Proffitt is, but the Court believes he is the chief administrative officer at MSH.

The complaint describes several verbal altercations between Plaintiff and other MSH patients. The complaint also describes several conversations between Plaintiff and various members of the staff at MSH. Plaintiff claims that some of those MSH staff members have "harassed" him, and treated him disrespectfully. Plaintiff is seeking a judgment against Defendant Proffitt that would award him "some money" for his "pain and sufferin[g]" resulting from the alleged harassment. (Complaint, p. 3, "Relief.")

Plaintiff's complaint is inadequate for at least three important reasons. First, the complaint does not describe any grounds showing federal subject matter jurisdiction. See Fed. R. Civ. P. 8(a)(1) (an initial pleading must include "a short and plain statement of the grounds for the court's jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Second, the complaint does not describe any legal grounds for Plaintiff's lawsuit. Plaintiff has not identified any statute, doctrine or legal principle on which this action is based. Third, Plaintiff has not described any acts or omissions by Defendant Proffitt that could support any actionable claim for relief against him under any legal

theory.

The caption of Plaintiff's complaint refers to 42 U.S.C. § 1983, which suggests that he might be attempting to sue Defendant Proffitt for allegedly violating his federal constitutional rights. The complaint, however, does not refer to the Constitution or any constitutional rights or principles. Furthermore, the complaint does not describe anything that Defendant Proffitt individually did, or failed to do, that could be viewed as a violation of Plaintiff's federal constitutional rights. See Iqbal, 129 S.Ct. at 1948 (in a federal civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added).[1]

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current complaint fails to state any actionable claim for relief. Because Plaintiff's complaint does not set forth sufficient allegations to state a cause of action on which relief can be granted, his IFP application should be denied, and this case should be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] It appears that Plaintiff might be attempting to hold Defendant Proffitt vicariously liable for some alleged unconstitutional misconduct by other MSH employees. Plaintiff, however, has not described any unconstitutional acts or omissions by any of Proffitt's subordinates, and in any event, the doctrine of respondeat superior does not apply to claims brought under 42 U.S.C. § 1983. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October   19  , 2011

                                                         s/ Tony N. Leung
                                                   TONY N. LEUNG
                                                   United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before   November 4, 2011   .