# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory Lord Dotson,<br><br>      Plaintiff,<br><br>v.<br><br>David Proffitt, Dr.,<br><br>      Defendant. | Case No. 11-cv-2734 (SRN/TNL)<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

Gregory Lord Dotson, pro se, Minnesota Security Hospital, 2100 Sheppard Drive, Unit 200, St. Peter, Minnesota, 56082, Plaintiff.

Dr. David Proffitt, Minnesota Security Hospital, 100 Freeman Drive, St. Peter, Minnesota, 56082, Defendant.

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Gregory Lord Dotson's Objection (Doc. No. 4) to United States Magistrate Judge Tony N. Leung's October 19, 2011, Report and Recommendation ("R & R"). (Doc. No. 3.) The Magistrate Judge recommended dismissing Plaintiff's 42 U.S.C. § 1983 claim and denying his application to proceed in forma pauperis ("IFP"). (Id.) Plaintiff objects to both recommendations. (Doc. No. 4.)

      According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). Plaintiff objects to the Magistrate Judge's finding that there is no 42 U.S.C. § 1983 claim because the Magistrate Judge did not have an

opportunity to consider his bank account statement, which he included in his Objection. (Objection, Doc. No. 4, at pp. 1–4.)  The courts have held, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  Neighborhood Enters., Inc. v. City of St. Louis, 540 F.3d 882, 885 (8th Cir. 2008) (citing W. v. Atkins, 487 U.S. 42, 48 (U.S. 1988)). Plaintiff does not allege that Defendant Dr. David Proffitt[1] committed any federal constitutional violations.  The bank account statement does not cure Plaintiff's failure to state a claim and therefore the Magistrate Judge properly determined Plaintiff's 42 U.S.C. § 1983 claim should be denied.

Moreover, since Plaintiff failed to state a claim, the Magistrate Judge correctly determined that Plaintiff's application to proceed IFP should be denied.  Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) ("a district court may dismiss an action filed [IFP] at any time if the court determines that the action fails to state a claim on which relief may be granted.") (citations and quotations omitted).  Based on the Court's de novo review, Plaintiff's objections are overruled and the Court adopts the R & R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's  Objection (Doc. No. 4) to the Magistrate Judge's October 19, 2011, R & R (Doc. No. 3) is **OVERRULED**;

2. The Magistrate Judge's R & R (Doc. No. 3) is **ADOPTED**;

---

[1]  Plaintiff did not provide the Court with any information on Defendant Dr. David Proffitt's involvement in this action.  (Cf. Doc. Nos. 1–4.)

3. Plaintiff's Application for IFP (Doc. No. 2) is **DENIED**; and

4. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 23, 2012             s/Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge